IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERT LEE GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-185 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner ALBERT LEE GONZALES has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 251st District Court of Randall County, Texas for capital murder and the resulting life sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED as time barred.

### I.
### BACKGROUND

Petitioner was convicted by a jury of capital murder on February 23, 1994. He did not directly appeal the conviction. On June 18, 2013, Mr. Gonzales filed a state application for habeas corpus relief. *See Ex Parte Gonzales*, WR-79,968-01. The Court of Criminal Appeals denied the application without written order on August 14, 2013. On September 18, 2013, petitioner filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254.

II.
PETITIONER'S CONTENTION

In a single ground, petitioner contends the scheme under which he was sentenced runs afoul of the Supreme Court's opinion in *Miller v. Alabama*, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).

III.
THE TIMELINESS OF THE MOTION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation applies to motions filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d). "In cases . . . where the petitioner's conviction became final before the enactment of the AEDPA, . . . the time limit runs from April 24, 1996, the date of the AEDPA's enactment." *Kiser v. Johnson*, 163 F.3d 326, 327 (5th Cir. 1999). Petitioner's conviction became final before the enactment of the AEDPA. Consequently, petitioner Gonzales had until April 24, 1997, to file the instant habeas corpus petition. *See id.* He did not file the petition, however, until September 18, 2013. Accordingly, unless some other statute of limitations provision is applicable, petitioner's motion is time barred.

Petitioner, directing the Court's attention to the Supreme Court's opinion in *Miller v. Alabama*, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), advances 28 U.S.C. § 2244(d)(1)(C) as the limitations statute applicable to his case. Under 28 U.S.C. § 2244(d)(1)(C), the one year limitations period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court's opinion in *Miller* issued June 25, 2012. Three-hundred fifty-eight (358) days of the one-year filing period ran before petitioner filed his state habeas corpus application. The limitations period was then tolled during the pendency of petitioner's state habeas corpus proceedings. *See* 28 U.S.C. § 2244(d)(2). The Court of Criminal Appeals denied the state habeas corpus application

on August 14, 2013. Since 7 days remained on the federal limitations period, petitioner's federal habeas corpus petition would have been due August 21, 2013. The instant petition, however, was not filed until September 18, 2013,[1] which was after the expiration of the deadline. Consequently, even if *Miller* applied to petitioner,[2] this petition would be time barred. *See* 28 U.S.C. § 2244(d)(1)(A), (C).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ALBERT LEE GONZALES be DENIED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of November, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[1] While petitioner failed to indicate on the petition itself the date on which he placed the petition into the prison mailing system, petitioner did indicate on a letter directed to the Clerk of the Court and sent in conjunction with the petition that he had mailed it on September 18, 2013. The seems to be in line with the postmark on the envelope indicating a mailing date of September 20, 2013.

[2] Even if the petition were sent in before the expiration of the one year deadline, it seems unlikey the *Miller* opinion would meet the requirement of 28 U.S.C. § 2244(d)(1)(C) that the newly issued opinion be "made retroactively applicable to cases on collateral review." The Fifth Circuit has expressly held, "*Miller* does not satisfy the test for retroactivity." *Craig v. Cain*, No. 12-30035, 2013 WL 69128, at *2 (5th Cir. Jan. 4, 2013). Moreover, *Miller* dealt with sentences of mandatory life imprisonment *without* the possibility of parole. *Miller*, 132 S.Ct. at 2469. Petitioner received a sentence of life imprisonment *with* the possibility of parole.

Case 2:13-cv-00185-J-BB   Document 6   Filed 11/01/13   Page 4 of 4   PageID 24

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).